MR. JUSTICE SHEA
dissenting:
I would reverse the conviction. I cannot in good conscience abide by the bald conclusion of the trial court after a hearing on a motion *491 to suppress, that the confession was voluntary and that defendant was not denied his right to counsel.
I agree with the factual recitation and conclusions reached by Justice Sheehy in his dissent, although I am not convinced at this time that we should adopt the California standard that the State must prove beyond a reasonable doubt that a confession is voluntary before it can be introduced against him at trial. People v. Jimenez (1978), 21 Cal.3d 595, 147 Cal.Rptr. 172, 580 P.2d 672. I am not convinced, on the other hand, that the present preponderance of the evidence should be the proper standard. Rather, I believe that the State should be required to prove by clear and convincing evidence that the defendant’s confession was voluntary. The standard of beyond a reasonable doubt is too stern, and the standard of preponderance of the evidence is too elusive or vaporous. It is too flexible a standard by which to judge something so fundamental as a constitutional right.
Justice Sheehy does not agree, furthermore, that it was harmless error beyond a reasonable doubt to require the defendant to prove the involuntariness of the confession. Nor do I. Should a defendant challenge the voluntariness of his confession, it is his duty to raise the issue by an appropriate motion to suppress with specific contentions; but once those allegations are made it is the duty of the State to proceed first with its case to prove that the confession was voluntary. Only if the State establishes a prima facie case of voluntariness by the standard of clear and convincing evidence should the defendant be required to come forward with his own evidence disputing the State’s claim. That was not done here, and regardless of the standard used, it is clear that the trial court in effect placed the burden on the defendant to prove that the confession was involuntary and to prove that he was denied his right to counsel. The record demonstrates that the trial court was under the mistaken assumption it was the defendant’s duty to prove involuntariness of the confession and nonwaiver of counsel rather than the duty of the State to prove a voluntary confession and waiver of counsel.
In setting forth the wide latitude to be given a trial court in *492 assessing and weighing the evidence, the majority refers to Grimestad where we simply repeated the time worn rule which applies to virtually all factual determinations by a trial court. The majority then proceeds to apply Grimestad to this case by stating:
“The trial court here reviewed the evidence and determined appellant voluntarily confessed. In considering almost every one of the factors listed above as relevant in determining the voluntariness of appellant’s confession, evidence exists supporting the holding of the District Court.”
I do not dispute that evidence exists supporting the holding of the trial court, but if a standard other than the virtually meaningless one of preponderance of the evidence (in the context of this case) were applied, the trial court would have been required to find that the State did not prove the confession voluntary and a waiver of counsel by clear and convincing evidence.
The majority then proceeds to discuss the evidence as to each of the factors. The essential problem is, however, that another trial judge, if he was so inclined (let us say if he had philosophical leanings different then those of the trial judge concerning the right to counsel and obtaining confessions), could have taken the opposite position, and concluded, with adequate support in the record, that the State did not prove that the confession was voluntary and that the State did not prove that defendant waived his right to counsel. This decision of the trial court would have looked just as good in print, although not nearly as well accepted by the public.
Viewed in the abstract, this deference given to trial court decisions on the facts is nice-sounding; it gives the distinct impression that the appellate court is not meddling in the factual determinations of the trial court. I would also like to believe that we could, with full assurance, give this kind of deference to the trial court and its fact-finding functions. We refer to this rule constantly when we uphold a decision of the trial court as to is factual determinations.
Aside from the improper standard applied in this case (it should be at least by clear and convincing evidence), the problem in this *493 case is in applying this rule of deference to a situation where there is no indication that the trial court listened carefully to the evidence, carefully evaluated the evidence, and then came to the proper conclusions by a careful application of the law to the facts as it perceived them to be. We are giving only lip service to one’s constitutional rights if we do not require this of trial courts in reviewing their rulings on factual questions relating to alleged constitutional violations.
How do we know, for example, that in this case after the motion to suppress was taken under advisement, if the trial court took five minutes in considering the case before reaching its decision, or whether it took fifteen hours in considering the case before it reached its decision? This is not necessarily to say that a five minute consideration would automatically be inadequate or that a fifteen hour consideration would be adequate. But, it can be safely stated that, regardless of the decision, if one knew the trial court considered the case for fifteen hours before reaching its decision, it would at least indicate that it had carefully considered the case.
It goes without saying that when this Court reviews decisions of a trial court, it is helpful that we know how the trial court perceived the facts if it is making a factual determination, and how it applied the law to the facts. It is most important when the issue involves a claimed violation of a fundamental right such as is involved here. Unfortunately, it is more often the case than not, that this Court does not receive any meaningful insight as to how and why a trial court reached a decision. The general rule seemingly applied by the trial courts is that the less it says about the facts, and how it applied the law to the facts, the better its chance will be that its decision will be upheld on appeal. That situation exists in this case, but it is much more serious. Here, the only findings of fact and conclusions of law involved, are those prepared by the County Attorney after the trial court had reached its decision, and which were then given to the trial court to sign. We perhaps get some insight as to what the prosecutor perceived the facts to be and the appropriate conclusions to draw from those facts, but it adds absolutely nothing to the legitimacy of the trial court’s decision.
*494 Had it not been for the after-the-decision suggestion of a law school intern then working for the Missoula County Attorney, there would not have been any findings and conclusions entered in this case. This important revelation was first unearthed during the oral arguments before this Court. The prosecutor explained the circumstances.
This Court was questioning the prosecutor as to whether the trial court had entered a memorandum in support of its decision or had entered findings of fact and conclusions of law. In reply, the prosecutor revealed that after the trial court had taken the suppression motion under advisement, it later notified the County Attorney’s office that it had entered an order denying the defendant’s motion to suppress, or was about to enter such an order. It was then that the law student suggested to the prosecutor that it would be a good idea if the prosecutor presented the trial court with findings and conclusions in support of its order. The prosecutor agreed that this was a wise suggestion and, accordingly, prepared findings and conclusions and presented them to the trial court for signature. The trial court adopted verbatim the findings and conclusions; indeed, the order in which the findings and conclusions appear is exactly the same document presented by the prosecutor. Thus, the only findings and conclusions before this Court for review are those prepared by and tailored by the prosecutor.
The trial court had not requested proposed findings and conclusions from either side. Presumably, therefore, if the trial court did so at all, it was going to prepare and enter its own. At least the defendant would naturally believe this being that the trial court requested no findings or conclusions from either side. Counsel for defendant at the hearing on the motion to suppress is not the same counsel as argued this appeal, and I imagine it will come as quite a revelation to him as to the background leading up to the tailored findings and conclusions signed by the trial court.
The majority, of course, has carried the day, but I would not give one ounce of weight to findings and conclusions prepared, presented, and signed in this manner. To conclude, as the majority *495 has, that all this deference should be given to the decision of the trial court in listening to, weighing and evaluation of the evidence, is an exhaltation of form over substance in the highest degree.
Defendant did not have his fair day in court on the motion to suppress because of the trial court’s erroneous ruling placing the burden on the defendant. This error was compounded by the strange decision-making process used in this case. Where the findings were tailored by the prosecutor after the decision was made, and with no opportunity for the defendant to participate, how can anyone in good conscience believe that the trial court fairly received and evaluated the evidence and applied the law in a fair and even-handed manner?
Assuming that the revelations of the prosecutor did not come to light during oral arguments, and that this Court believed that the findings and conclusions were those of the trial court alone, if we had a standard of review of questions of this nature requiring the State to prove by clear and convincing evidence rather than by the preponderance of the evidence, the evidence would have required this Court to reverse the District Court. By not adopting a more stringent standard, we are only encouraging trial courts to be as vague as possible in reaching their decisions on questions involving fundamental constitutional rights.